# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ABIGAIL HOPE HENGERER,**

      **Plaintiff,**

v.                                                                                  Case No: 6:25-cv-01382-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

# ORDER

Plaintiff has filed an unopposed motion seeking an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 20 (the Motion). In the Motion, Plaintiff requests an award of attorney fees in the amount of $9,802.00, costs in the amount of $405.00, paralegal fees in the amount of $12.00, and an order authorizing payment of that award directly to Plaintiff's counsel.

Upon consideration and absent any objection from the Commissioner, the Court finds that the amounts Plaintiff seeks in attorney fees and costs under the EAJA are recoverable and reasonable. Thus, the Court finds that the Motion is due to be granted to the extent that it requests an award of attorney fees in the amount of $9,802.00 and costs in the amount of $405.00. *See* 28 U.S.C. § 2412(a), (d)(1)(A).

The Motion, however, is due to be denied to the extent that it requests an order authorizing payment of the EAJA award to Plaintiff's counsel because Plaintiff has failed to demonstrate that her assignment complies with the Anti-Assignment Act, 31 U.S.C. § 3727(b). *See Crumbley v.*

*Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013).[1]

Further, the Motion is due to be denied to the extent it requests paralegal fees in the amount of $12.00.  First the Motion entirely fails to address the appropriateness or reasonableness of the paralegal fees requested, which is cause alone to deny the request.  Further, the only explanation for the paralegal fee request appears at Doc. 20-1 at 19, where the request is itemized as "10/13/25 Paralegal filing of the Memorandum of Law by cm/ecf .2."  The only legal support cited for the specific request appears to be parentheticals in a string citation to a 2006 case from the Southern District of New York and a 1993 case from the District of Hawaii.  Doc. 20-1 at 17.

While paralegal work may—as a general matter—be awarded under the EAJA, the New York and Hawaii cases cited by Plaintiff are neither binding nor persuasive on the specific issue before the Court; neither address whether an award for paralegal time is appropriate for the electronic filing of a document via CM/ECF.  *See Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220 (W.D.N.Y. 2006) (awarding without discussing in detail paralegal fees); *Stewart v. Sullivan*, 810 F. Supp. 1102, 1109 (D. Haw. 1993) (awarding paralegal fees, but noting that, "the Ninth Circuit has held that paralegal rates are not applicable to time spent doing purely ministerial tasks").  The electronic filing of a document via the Court's CM/ECF system is the kind of ministerial, non-legal, overhead task that is captured within a lawyer's hourly rate.  *See, e.g.*, *Cross v. Comm'r of Soc. Sec. Admin.*, 2020 WL 9810009, at *3 (N.D. Ga. Sept. 29, 2020) ("A claimant is not entitled to compensation for clerical work, 'regardless of who performs [it].'  While, paralegal time is recoverable if the paralegal is 'perform[ing] work traditionally done by an

---

[1] The government, though, may exercise its discretion to honor the Assignment if it determines that Plaintiff does not owe a debt to the government.

attorney.' e-filing is not compensable as a legal service.'" (internal citations omitted); *Fox v. The Marquis Corp.*, 2010 WL 1010871, at *7 (S.D. Fla. Mar. 15, 2010) ("A court may award fees for the work of paralegals, but 'only to the extent that [they] perform work traditionally done by an attorney.'") (citations omitted); *In re Bicoastal Corp.*, 121 B.R. 653, 655 (Bankr. M.D. Fla. 1990) ("This Court did not award fees to Brown & Wood for services that were purely clerical or secretarial. This is so because first, they are not legal services rendered by an attorney, but most importantly, they are subsumed in the hourly rate of the attorney and clearly part of the overall overhead, i.e., cost of operation of Brown & Wood. Similarly, no compensation was allowed for paralegals performing clerical functions such as organizing files, copying documents, checking the docket, updating files, checking court dates and delivering papers.") (citation omitted); *Smith v. Richard's Restoration, Inc.*, 2006 WL 3898182, at *1 (M.D. Fla. Jan. 8, 2006) ("[E]-filing is not a legal service, but is a ministerial matter, akin to mailing a letter or sending a facsimile."). Nor does it appear reasonable that seven to 12 minutes of billable time are required to make a single e-filing. Accordingly, the request for recovery of paralegal time is denied.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 20) is **GRANTED** to the extent that Plaintiff is awarded attorney fees in the amount of $9,802.00 and costs in the amount of $405.00 pursuant to the EAJA; and

2. The Motion (Doc. 20) is **DENIED** in all other respects.

**ORDERED** in Orlando, Florida on January 16, 2026.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE